QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  Kevin P.B. Johnson (Bar No. 177129)
  kevinjohnson@quinnemanuel.com
  Victoria F. Maroulis (Bar No. 202603)
  victoriamaroulis@quinnemanuel.com
  Doug Colt (Bar No. 210915)
  dougcolt@quinnemanuel.com
  Michael W. Gray (Bar No. 238669)
  michaelgray@quinnemanuel.com
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065-2139
Telephone:    (650) 801-5000
Facsimile:    (650) 801-5100

Attorneys for Defendant, BIO-RAD
LABORATORIES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EPPENDORF AG,<br><br>    Plaintiff,<br><br>    vs.<br><br>BIO-RAD LABORATORIES, INC.,<br><br>    Defendant. | CASE NO. C08-01617 EMC<br><br>**DEFENDANT BIO-RAD'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO EPPENDORF AG'S COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Defendant Bio-Rad Laboratories, Inc. ('Bio-Rad'), by its undersigned attorneys, hereby states for its Answer and Affirmative Defenses to Plaintiff Eppendorf AG ('EAG') Complaint as follows:

## I.    ANSWER

### PARTIES

1.    Bio-Rad is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 1, and therefore denies the same.

2.    Bio-Rad admits that it is a corporation organized under the laws of the state of Delaware, having its principal place of business at 1000 Alfred Nobel Drive, Hercules, California

94547, and that Bio-Rad provides tools and services to the clinical diagnostics and life science research markets.

## JURISDICTION AND VENUE

3. Bio-Rad admits that the Complaint purports to state claims for patent infringement arising under the laws of the United States. Bio-Rad admits that this Court has jurisdiction over the subject matter of the Complaint.

4. Bio-Rad admits that this Court has personal jurisdiction over Bio-Rad.

5. Bio-Rad admits that venue is proper in this district.

## THE PATENT-IN-SUIT

6. Bio-Rad admits that U.S. Patent No. 7,347,977 ('the '977 patent') lists an issue date on its face of March 25, 2008, and lists Nico Guelzow and Bernd Ohm Petersen as the named inventors. Bio-Rad is without sufficient knowledge or information to form a belief as to the remaining allegations of paragraph 6, and therefore denies the same.

7. Bio-Rad is without sufficient knowledge or information to form a belief as to the allegations of paragraph 7, and therefore denies the same.

8. Bio-Rad admits that the '977 patent is entitled 'Microtitration Plate' and purports to be directed to a microtitration plate. Bio-Rad denies the remaining allegations of paragraph 8.

## ALLEGED ACTS OF INFRINGEMENT

9. Bio-Rad repeats its responses to paragraphs 1 through 8.

10. Bio-Rad admits that it or MJ Research, as of 2002, sold or offered for sale Hard Shell 96 and 384 plates.

11. Bio-Rad denies the allegations of paragraph 11.

12. Bio-Rad denies the allegations of paragraph 12.

13. Bio-Rad denies that EAG is entitled to provisional rights pursuant to 35 U.S.C. § 154(d). Bio-Rad is without sufficient knowledge or information to form a belief as to the remaining allegations of paragraph 13, and therefore denies the same.

14. Bio-Rad denies the allegations of paragraph 14.

**PRAYER**

15. Bio-Rad denies that EAG is entitled to any relief from Bio-Rad sought in its prayer for relief in the Complaint. Bio-Rad is without sufficient knowledge or information to form a belief as to the remaining allegations in EAG's prayer for relief, and therefore denies the same.

## II.  AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(Non-Infringement)**

1. Bio-Rad does not make, use, sell, offer for sale, or import into the United States, and has not made, used, sold, offered for sale or imported into the United States any products or methods that infringe any valid and enforceable claim of the '977 patent, either directly, indirectly, contributorily, through the doctrine of equivalents, or otherwise, and has not induced others to infringe the patents-in-suit.

### SECOND AFFIRMATIVE DEFENSE

**(Invalidity/Unenforceability)**

2. The '977 patent is invalid and/or unenforceable for failure to meet the conditions for patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112.

### THIRD AFFIRMATIVE DEFENSE

**(Estoppel)**

3. As a result of the proceedings before the United States Patent and Trademark Office during the prosecution of the applications for the patents-in-suit, specifically the admissions, representations, and amendments made on behalf of the applicants for such patents, EAG is estopped from asserting any construction of the claims of the patents-in-suit to cover any activity engaged in or product sold by Bio-Rad.

## FOURTH AFFIRMATIVE DEFENSE
### (Unenforceability)

4. On information and belief, the patents-in-suit are unenforceable due to inequitable conduct in obtaining those patents. The individuals responsible for the application and prosecution of the patents-in-suit ('Individuals') through acts or omissions, failed to fulfill the duty to disclose and candidly present to the United States Patent & Trademark Office ('USPTO') information the individuals knew or should have known to be material to the examination of the patent applications leading to the patents-in-suit.

5. The Individuals had a duty to disclose to the USPTO the existence of related litigation. Specifically, the Individuals had a duty to disclose to the USPTO the lawsuit styled *Bio-Rad Laboratories, Inc. v. Eppendorf North America, Inc., et al.*, 2:07-cv-00281 ('the Texas suit'). The Texas suit was filed in the Eastern District of Texas on July 5, 2007. The '977 patent was still pending at the USPTO on July 5, 2007, and the suit is related to claims and subject matter of the '977. The patent-in-suit in the Texas suit was used by the examiner as a basis to reject the '977, and the Individuals made arguments to the examiner to overcome that patent. The Individuals had a duty to disclose the existence of the Texas suit but, on information and belief, failed to do so.

## FIFTH AFFIRMATIVE DEFENSE
### (Limitation on Damages)

6. On information and belief, EAG's claims for damages are barred in whole or in part under 35 U.S.C. § 286 (six year limitation).

## SIXTH AFFIRMATIVE DEFENSE
### (Marking)

7. EAG's pre-lawsuit claims for damages as to the '977 Patent are barred, in whole or in part, for failure to comply with 35 U.S.C. § 287.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Failure to State Claim)**

8. The Complaint fails to state a claim upon which relief can be granted for the '977 Patent.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

9. The claims of the '977 Patent are unenforceable due to EAG's unclean hands.

**NINTH AFFIRMATIVE DEFENSE**

**(Equitable Estoppel)**

10. The relief sought by EAG as to the '977 Patent is barred, in whole or in part, under the doctrine of equitable estoppel.

**III.   COUNTERCLAIMS**

For its counterclaims against EAG, Bio-Rad states as follows:

**NATURE OF THE ACTION**

1. The action is an action for a declaration of patent invalidity, unenforceability and non-infringement, arising under the Declaratory Judgment Act, 28 U.S.C. § 2201, et seq. and the patent laws of the United States, 35 U.S.C. § 1, et seq.

**PARTIES**

2. Defendant/Counterclaim-Plaintiff Bio-Rad is a corporation organized under the laws of the state of Delaware, having its principal place of business at 1000 Alfred Nobel Drive, Hercules, California 94547.

3. According to EAG's complaint, counterclaim-defendant EAG is a German corporation, organized under the laws of Germany, having its principal place of business at Barkhausenweg 1, 22339 Hamburg, Germany.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

5. This Court has personal jurisdiction over Plaintiff by virtue, *inter alia*, of Plaintiff's having elected to file its Complaint in this Court.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), (c), and (d).

## FIRST COUNTERCLAIM

**(Declaration of Non-Infringement of the '977 Patent)**

7. Bio-Rad repeats and realleges the allegations of paragraphs 1 through 6 of this counterclaim as if fully set forth herein, and incorporates them herein by reference.

8. EAG alleges that Bio-Rad has infringed the '977 patent.

9. Bio-Rad denies EAG's allegations of infringement. Accordingly, there exists a substantial and continuing justiciable controversy between Bio-Rad and EAG as to the infringement of the '977 patent.

10. Bio-Rad has not infringed any valid claim of the '977 Patent, and EAG is entitled to no relief for any claim in the Complaint.

## SECOND COUNTERCLAIM

**(Declaration of Invalidity of the '977 Patent)**

11. Bio-Rad repeats and realleges the allegations of paragraphs 1 through 10 of this counterclaim as if fully set forth herein, and incorporates them herein by reference.

12. EAG alleges that the '977 patent is valid and infringed by Bio-Rad.

13. Bio-Rad denies EAG's allegations of validity. Accordingly, there exists a substantial and continuing justiciable controversy between Bio-Rad and EAG as to the validity of the '977 patent.

14. Bio-Rad asserts that each and every claim of the '977 Patent is invalid for failure to satisfy one or more of the requirements of Title 35, including without limitation, Sections 102, 103, and/or 112.

**THIRD COUNTERCLAIM**

**(Declaration of Unenforceability of the '977 Patent)**

15. Bio-Rad repeats and realleges the allegations of paragraphs 1 through 14 of this counterclaim as if fully set forth herein, and incorporates them herein by reference.

16. EAG alleges that the '977 patent is enforceable and infringed by Bio-Rad.

17. Bio-Rad denies EAG's allegations of enforceability. Accordingly, there exists a substantial and continuing justiciable controversy between Bio-Rad and EAG as to the enforceability of the '977 patent.

18. Bio-Rad asserts that the '977 patent is unenforceable, in whole or in part, against Bio-Rad due to inequitable conduct and unclean hands in obtaining the patent as set forth above in Bio-Rad's 'FOURTH AFFIRMATIVE DEFENSE' and 'EIGHTH AFFIRMATIVE DEFENSE,' which are incorporated herein by reference.

**PRAYER FOR RELIEF**

WHEREFORE, Bio-Rad respectfully requests entry of judgment as follows:

A. The Court dismiss with prejudice, any and all claims of EAG's Complaint For Patent Infringement and order that EAG take nothing as a result of the Complaint For Patent Infringement and that all of EAG's prayers for relief are denied;

B. The Court enter judgment that Bio-Rad has not infringed, contributed to the infringement of, or induced infringement of the patents-in-suit;

C. The Court enter judgment declaring that the patents-in-suit are invalid and/or unenforceable;

D. That this case be declared exceptional pursuant to 35 U.S.C. § 285 and that Bio-Rad be awarded their reasonable attorneys' fees and costs; and

E. The Court grants to Bio-Rad such other and further relief as may be deemed just and appropriate.

**DEMAND FOR JURY TRIAL**

Bio-Rad demands a trial by jury on all issues so triable.

1  DATED: May 16, 2008                QUINN EMANUEL URQUHART OLIVER &
                                      HEDGES, LLP
2

3
                                      By_____/s/_____
4                                        Kevin P.B. Johnson
                                         Attorneys for Defendant, BIO-RAD
5                                        LABORATORIES, INC.