Todd A. Lorenz, Esq. SBN 175950
Martha C. Luemers, Esq., SBN 104658
DORSEY & WHITNEY LLP
1717 Embarcadero Road
P.O. Box 51050
Palo Alto, California 94303
Telephone: (650) 857-1717
Facsimile: (650) 857-1288
eFilingPA@dorsey.com

Sri K. Sankaran, Esq. SBN 236584
Ronald J. Brown, Esq. SBN 236148
50 South Sixth Street
Minneapolis, MN 55402
Telephone: (612) 340-2600
Facsimile: (612) 340-8856
sankaran.sri@dorsey.com
brown.ron@dorsey.com

Attorneys for Plaintiff
EPPENDORF AG

UNITED STATE DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EPPENDORF AG,<br><br>        Plaintiff,<br><br>v.<br><br>BIO-RAD LABORATORIES, INC.,<br><br>        Defendant. | **CASE NO. C-08-01617 SBA**<br><br>**PLAINTIFF EPPENDORF AG'S RESPONSE TO NOTICE OF PENDENCY OF OTHER ACTION** |

      Pursuant to Civil L.R. 3-13, Plaintiff Eppendorf AG ("Eppendorf") hereby responds to Defendant Bio-Rad Laboratories, Inc.'s ("Bio-Rad") Notice of Pendency of Other Action. In this case, Eppendorf alleges that Bio-Rad is infringing Eppendorf's U.S. Patent No. 7,347, 977, which is directed to a microtitration plate.

      There are two earlier-filed pending federal lawsuits that are related to this case:

First, as Bio-Rad points out, Bio-Rad is currently suing Eppendorf and its U.S. subsidiary, Eppendorf North America, Inc., in the Eastern District of Texas, Case No. 2:07-CV-281 (the "Texas Case"), for allegedly infringing U.S. Patent No. 6,340,589 ("the '589 patent"), which is titled "Thin-Well Microplate and Methods of Making Same."

Second, there is a declaratory judgment action pending in this District, *Eppendorf North America, Inc. v. Bio-Rad Laboratories, Inc.*, Case. No. 5:07-cv-04587, in which Eppendorf North America, Inc. seeks a declaration that it does not infringe the '589 patent and that the '589 patent is invalid.

The Texas Case and the Northern District of California declaratory judgment lawsuit (the "Declaratory Judgment Case") are mirror images of each other, and are therefore clearly related. The Texas Case and the Declaratory Judgment Case are also related to the case now pending in this Court. As Bio-Rad states in its Notice of Pendency of Other Action, the patents-in-suit in Texas Case and the instant case "cover highly similar technology." (Notice at 2:1-2.) Because the patent-in-suit in the Declaratory Judgment Case is identical to the patent-in-suit in the Texas Case, it also "cover[s] highly similar technology." (Id.)

Eppendorf expects that the Texas Case and the Declaratory Judgment Case will be consolidated in the near future. Eppendorf has moved to transfer the Texas Case to this District on the ground that venue is improper in the Eastern District of Texas. The motion is fully briefed and the parties are awaiting the court's ruling. The parties have agreed to consolidate the two lawsuits in either this District or the Eastern District of Texas, depending on which way the Texas court rules. In the meantime, the Declaratory Judgment Case in this District has been stayed pending the ruling of the Texas court. Once the stay of the Declaratory Judgment Case is lifted, Eppendorf plans to file a motion in the Declaratory Judgment Case to consider whether the instant action and the

Declaratory Judgment Case are related pursuant to Local Rule 3-12 and/or for an inter-district transfer.

The instant case should ultimately be consolidated with the Texas Case and the Declaratory Judgment Case, in whichever District those two cases are consolidated. All three cases involve the same parties and involve patents covering highly similar technology. It would be a waste of judicial resources to educate two different judges about the details of this specialized technology. In addition, discovery will substantially overlap—including, in all likelihood, expert discovery. Litigating these cases in front of different judges would therefore create an unduly burdensome duplication of labor and expense. *See* Civil L.R. 3-12.

Pending the decision of the court in the Texas Case on venue and the lifting of the stay in the Declaratory Judgment Case, Eppendorf requests that this Court defer action on Bio-Rad's Notice of Pendency of Other Action. As soon as the venue issue is resolved and the stay is lifted, Eppendorf will take prompt action to consolidate those cases with the instant case in the appropriate District. Alternatively, this Court may wish to consider a referral to the court in the Declaratory Relief Case pursuant to Local Rule 3-12 (c).

DATED: May 29, 2008              DORSEY & WHITNEY LLP


                                 BY          /S/
                                    MARTHA C. LUEMERS, ESQ.
                                    Attorneys for Plaintiff
                                    EPPENDORF AG

-3-
RESPONSE TO NOTICE OF PENDENCY OF OTHER ACTION
CASE NO. C-08-01617 SBA