DORSEY & WHITNEY LLP
  Todd A. Lorenz, Esq. SBN 175950
  Martha C. Luemers, Esq. SBN 104658
  1717 Embarcadero Road
  P.O. Box 51050
  Palo Alto, California 94303
  Telephone: (650) 857-1717
  Facsimile: (650) 857-1288
  eFilingPA@dorsey.com

  Sri K. Sankaran, Esq. SBN 236584
  Ronald J. Brown, Esq. SBN 236148
  50 South Sixth Street
  Minneapolis, MN 55402
  Telephone: (612) 340-2600
  Facsimile: (612) 340-8856
  sankaran.sri@dorsey.com
  brown.ron@dorsey.com

Attorneys for Plaintiff
EPPENDORF AG

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  Kevin P.B. Johnson SBN 177129
  Victoria F. Maroulis SBN 202603
  Doug Colt SBN 210915
  Michael W. Gray SBN 238669
  555 Twin Dolphin Drive, Suite 560
  Redwood Shores, CA 94065
  Telephone: (650) 801-5000
  Fax: (650) 801-5100
  kevinjohnson@quinnemanuel.com
  victoriamaroulis@quinnemanuel.com
  dougcolt@quinnemanuel.com
  michaelgray@quinnemanuel.com

Attorneys for Defendant,
BIO-RAD LABORATORIES, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EPPENDORF AG, | CASE NO. C08-01617 SBA |
| Plaintiff, | |
| v. | **JOINT CASE MANAGEMENT STATEMENT** |
| BIO-RAD LABORATORIES, INC. | |
| Defendant. | |

Pursuant to Civil L.R. 16-9, Patent L.R. 2-1, and Fed. R. Civ. P 26(f), the parties jointly submit this Case Management Statement.

**1.** **Jurisdiction and Service:** This Court has jurisdiction over the subject matter of this action by virtue of 28 U.S.C. §§ 1331 & 1338. All parties have been properly served and no issues exist regarding personal jurisdiction or venue.

**2.** **Concise Statement of the Facts:**

This is a patent infringement action. Plaintiff owns United States Patent No. 7,347,977 ("the '977 patent"), which is directed to a microtitration plate. Plaintiff alleges that certain of Defendant's products—specifically, its Hard Shell® 96 and 384 well skirted microtiter plates— infringe the claims of the '977 patent. Defendant denies that any of its products infringe any claim of the '977 patent, and counterclaims for declarations that the '977 patent is not infringed, invalid, and unenforceable.

The disputed factual and legal issues in this case therefore include the following:

- The proper construction of the claims of the '977 patent;
- Whether Defendant infringes any of the claims of the '977 patent;
- Whether the claims of the '977 patent are valid and enforceable;
- Whether an injunction should issue in favor of Plaintiff;
- Damages, if the '977 patent is found to be infringed by Defendant; and
- Whether the case is exceptional and Plaintiff should pay the attorney fees incurred by Defendant.

**3.** **Disputed Legal Issues:** At this point, the parties are unaware of any specific legal disputes other than the questions of law typically presented by a patent infringement case.

**4.** **Motions:** No motions have yet been filed in this action. As stated in Plaintiff's Response to Notice of Pendency of Other Action filed May 29, 2008 (Document 16), Plaintiff anticipates that it may file a motion to consolidate this case with two related cases listed at paragraph 10 below once a pending motion to dismiss or transfer a related Texas action on the ground of improper venue is resolved.

**5.** **Amendment of Pleadings:** The parties propose a deadline for amendment of pleadings of July 23, 2008.

**6.** **Evidence Preservation:** The parties have met and conferred regarding the institution of reasonable steps to insure the preservation of evidence. Both parties have instituted a document retention "hold" to ensure the preservation of information and/or documents which are likely to be relevant in this matter.

**7.** **Disclosures:** The parties will make initial disclosures on July 14, 2008 as required by Fed. R. Civ. P. 26(a)(1).

**8.** **Discovery & Pretrial Schedule:** No discovery has been taken to date in this case. Both parties consent to service by electronic means of pleadings and other papers, including discovery instruments. The parties agree to the standard discovery limitations as set forth in the Federal Rules of Civil Procedure. The parties further agree that written discovery (such as interrogatory responses) will be conducted in English. The parties further agree that both discovery and evidence will be in accordance with the Federal Rules of Civil Procedure and Federal Rules of Evidence as opposed to the Hague Convention.

Defendant asserts that:

- Plaintiff, a German corporation, must produce deponents in San Francisco, California and bear all costs for producing such deponents in San Francisco. *See, e.g., Louis Vuitton Malletier, S.A. v. Nextag, Inc.*, Case No. 3:07-cv-03763-MMC, Order dated April 30, 2008, Docket Number 45 ("The 30(b)(6) deposition of [French plaintiff] must take place in the Northern District of California, and [French plaintiff] must bear its own costs for traveling to and participating in the deposition. [French plaintiff] filed suit in the Northern District of California, will get the benefits of this Court's work on its case and, accordingly, must send its representative to the Northern District to give the evidence on which [French plaintiff] asserts its claims are based."); *Lexington Ins. Co. v. Commonwealth Ins. Co.*, Case No. C98-3477, 1999 WL 33292943, *8-9 (N.D. Cal. September 17, 1999); *Jack v. Trans World Airlines, Inc.*, Case No. C 92-3787, 1994 WL 90107 (N.D. Cal. 1994); *U.S. v. Alan Ritchey, Inc.*, Case No. C00-2191, 2008 WL 859458 (W.D. Wash. February 27, 2008); and

- if a deponent chooses to be deposed in German, Plaintiff will bear the costs of a translator.

Plaintiff responds that:

- The location of any depositions should be addressed only if the issue arises in the context of a particular deposition notice. There is no per se rule that foreign plaintiffs must produce witnesses at their own cost for depositions in the United States—even for a 30(b)(6) deposition of the Plaintiff itself. The one-page *Louis Vuitton* Order that Defendant cites is not to the contrary. In fact, another recent case from this District involving Louis Vuitton actually includes a written opinion on the matter, and states that "there is a general presumption that the deposition of a corporate party should be taken at its place of business." *Louis Vuitton v. Akanoc Solutions, Inc.*, 2008 WL 17667 at * 1 (N.D. Cal., April 15, 2008). This general presumption can be overcome, as it was in *Louis Vuitton*, based on "the convenience of the parties, relative hardships and the economy obtained in attending a particular location." *Id.* This inquiry involves analysis of several factors, including "the location of counsel for both parties, the number of corporate representatives a party seeks to depose, whether the deponent often travels for business purposes, the likelihood of significant discovery disputes arising which would require resolution by the forum court, and the equities with respect to the nature of the claims and the parties' relationship." *Id.* These factors can be properly analyzed only in the context of a specific deposition notice, and the issue is appropriate for Court intervention only if the parties cannot come to agreement on their own. Accordingly, Plaintiff opposes the imposition any per se rule that all depositions in this case must occur in California, although Plaintiff is committed to accommodating reasonable requests that minimize the overall expense of this litigation.

- Plaintiff opposes Defendant's request that Plaintiff bear the cost of translators for any German speakers that Defendant chooses to depose. Defendant cites no authority for its request. The general rule is that the noticing party bears the burden for the expenses, such as court reporting, of the depositions it notices and conducts. There is no reason to depart

from that general rule in this case.

Pursuant to Fed. R. Civ. P. 26(f) and the Patent Local Rules, the parties propose the following discovery plan through the close of claim construction discovery:

| EVENT | Date |
|---|---|
| Deadline for amendments to pleadings (w/o leave) | July 23, 2008 |
| Disclosure of Asserted Claims and Infringement Contentions | July 23, 2008 |
| Invalidity Contentions Due | September 8, 2008 |
| Exchange of Claim Terms to be Construed | September 22, 2008 |
| Meet and Confer Regarding Claim Construction | October 6, 2008 |
| Exchange of Preliminary Claim Constructions | October 13, 2008 |
| Joint Claim Construction and Prehearing Statement Due | November 7, 2008 |
| Complete All Discovery Regarding Claim Construction | December 8, 2008 |

Following the close of claim construction discovery, the parties differ on a proposed schedule. The table below includes the proposed schedule from each party.

| EVENT | PLAINTIFF PROPOSAL | DEFENDANT PROPOSAL |
|---|---|---|
| Plaintiff's Opening Brief on Claim Construction Due | December 22, 2008 | *n/a* |
| Parties to exchange opening Claim Construction Briefs | *n/a* | December 19, 2008 |

| | | |
|---|---|---|
| Defendant's Responsive Brief on Claim Construction Due | January 5, 2009 | *n/a* |
| Parties to exchange reply Claim Construction Briefs | *n/a* | January 14, 2009 |
| Plaintiff's Reply Brief on Claim Construction Due | January 12, 2009 | *n/a* |
| Claim Construction Hearing | January 26, 2009 | January 28, 2009 |
| Deadline to Disclose Materials Relating to Advice of Counsel Defense | 50 days after ruling on Claim Construction | Same |
| Fact Discovery Cut-off | March 27, 2009 | August 31, 2009 |
| Expert Reports Due | April 17, 2009 | September 17, 2009 |
| Rebuttal Expert Reports Due | May 8, 2009 | October 8, 2009 |
| Expert Discovery Cut-off | June 5, 2009 | November 5, 2009 |
| Last Day to File Motion for Summary Judgment | July 3, 2009 | December 3, 2009 |
| Final Pretrial Conference | August 31, 2009 | February 4, 2010 |
| Trial | September 14, 2009 | February 22, 2010 |

**9.    Class Actions:** Not applicable.

**10.    Related Cases:** There are two related cases, both of which concern a patent owned by Defendant that also covers microtitration plates. The cases are: *Bio-Rad Labs. v. Eppendorf North America, Inc. & Eppendorf AG*, 2:07-CV-281 (E.D. Tex.) and *Eppendorf North America, Inc. v. Bio-Rad Labs.*, 5:07-cv-04587 (N.D. Cal.). Defendant filed a "Notice of Pendency of Other Action" on May 16, 2008 (Document 11), and Plaintiff filed its response on May 29, 2008 (Document 16), stating their positions on the relation of these other cases to this case. The other case in this District, Case No. 5:07-

cv-04587, is currently stayed pending resolution of the Texas action.

**11.** **Relief:**  Plaintiff seeks an injunction and compensatory damages.  Plaintiff is unable to calculate its damages at this time because the information for doing so is in Defendant's possession, but intends to seek lost profits and at least a reasonable royalty.

In its counterclaim, Defendant seeks a declaration that the '977 patent is not infringed, invalid, and unenforceable.  Defendant also seeks a judgment that this case is exceptional under 35 U.S.C. § 285, and seeks an award of its attorneys' fees.

**12.** **Settlement and ADR:**  The parties intend to participate in a mediation regarding all three pending cases this summer.

**13.** **Consent to Magistrate Judge For All Purposes:**  The parties do not consent to proceed before a Magistrate Judge.

**14.** **Other References:**  The parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.  The parties reserve the right to propose a special master for claim construction.

**15.** **Narrowing of Issues:**  The parties hope to narrow the issues for trial by making the mandatory disclosures set forth in the Patent Local Rules.

**16.** **Expedited Schedule:**  Not applicable.

**17.** **Scheduling:**  The parties agree and recommend that the Court impose the deadlines set forth in paragraph 8 above through the close of claim construction discovery.  Following that event, Plaintiff and Defendant set out their proposed schedules.

**18.** **Trial:**  This case will be tried to a jury.  The length of trial is anticipated to be approximately 10 days.

**19.** **Disclosure of Non-party Interested Entities or Persons:**  Each party has filed a Certification of Interested Parties.  Defendant has identified no interested parties.  Plaintiff has identified Eppendorf North America, Inc., as an interested party.

**20.** **Other Matters:**  The parties have set forth herein all matters of which they are presently aware which may facilitate the just, speedy, and inexpensive disposition of this action.

**21.** **Patent Local Rules:** The parties discussed the following issues as required by Patent L.R. 2.1. (1) *Modification of Patent Rule Deadlines*. The parties do not propose any modification to the Patent Local Rules, except for the claim construction briefing schedule changes addressed in the foregoing proposed calendar. (2) *Limits on Discovery Related to Claim Construction*. The parties do not anticipate a need to modify discovery limits relating to claim construction, including depositions of witnesses and expert witnesses. (3) *Format of Claim Construction Hearing*. The parties propose that the presentation be made on a claim-by-claim basis, subject to the Court's preference, with Plaintiff going first. The parties are unable to determine at this point whether live testimony will be necessary but reserve the right to request it; the parties believe that the hearing will take no longer than three hours. (4) *Educating the Court on Technology at Issue*. The parties believe that the combination of documentary and/or computer presentation will be sufficient to educate the Court, if necessary.

Dated: June 25, 2008                                          DORSEY & WHITNEY LLP


                                                              By    /s/     Todd Lorenz
                                                                 Todd A. Lorenz, Esq. Attorneys for
                                                                 Plaintiff Eppendorf AG

                                                              QUINN EMANUEL URQUHART OLIVER &
                                                              HEDGES, LLP


Dated: June 25, 2008                                          By:    /s/ Doug Colt

                                                                 Doug Colt, Esq.
                                                                 Attorneys for Defendant,
                                                                 BIO-RAD LABORATORIES, INC.

<u>Attestation</u>

I hereby attest that I have on file an email from Bart Torvik of Dorsey Whitney, attorneys for plaintiff Eppendorf AG, authorizing me to indicate Todd A. Lorenz' signature by a "conformed" signature (/s/) on this efiled document.

Dated: June 25, 2008

/s/ Doug Colt<br>Doug Colt, Esq.